UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY KING,

    Plaintiff,                              CIVIL ACTION NO. 05-71691

v.                                     DISTRICT JUDGE MARIANNE O. BATTANI
                                        MAGISTRATE JUDGE DONALD A. SCHEER

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant retained the residual functional capacity for a limited range of sedentary work.

\* \* \*

Plaintiff filed an application for Social Security disability insurance benefits on April 1, 2002, alleging that he had become disabled and unable to work on May 28, 2001, at age 42, due to severe back pain. Benefits were denied by the Social Security Administration. A requested de novo hearing was held on March 26, 2004, before Administrative Law Judge (ALJ) Larry Temin. The ALJ found that the claimant retained the residual functional capacity to perform a limited range of sedentary work providing a sit-stand option. The ALJ restricted claimant from driving and all types of climbing. He concluded that the claimant should avoid moving machinery and exposure to heights. The Administrative Law Judge also determined that Plaintiff was unable to remember or carry out detailed instructions. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for

Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 45 years old at the time of the administrative hearing (TR 430). He had a tenth grade education, and had been employed during the relevant past as a highway construction worker and machine operator (TR 431, 434). As a machine operator, he did a lot of walking and standing. He had to constantly bend down and reach over his head. He was required to lift upwards of 50 pounds on a regular basis (TR 79, 434). Claimant stopped working in May 2001, after injuring his back and right shoulder while at work[1] (TR 434-435). The claimant testified that he remained disabled due to severe pain in his back, neck right shoulder and right knee (TR 435-437). Pain medications proved ineffective and caused him to become fatigued (TR 439). Plaintiff alleged that he needed to take frequent naps lasting up to 30 minutes at a time (TR 445). As a result of his chronic joint pain, Plaintiff estimated that he could stand for just twenty minutes and walk about two blocks before needing to rest (TR 440). He added that he could not sit for very long, and that reaching above shoulder level was difficult (TR 441). Plaintiff stated that he also suffered from mental depression, memory problems and poor concentration (TR 443). The claimant stated that he rarely left his home other than to visit family members (TR 443).

A Vocational Expert, Ann Tremblay, classified Plaintiff's past work as very heavy, semi-skilled activity that did not impart any transferable skills (TR 449). The witness testified that there were no jobs for claimant to perform if his testimony were fully accepted[2]

---

[1] Plaintiff settled a workers' compensation claim for $127,000 in December 2000 (TR 433)

[2] The witness opined that claimant's alleged need to lie down for most of the day would preclude all work activity (TR 450).

(TR 450). If he were capable of sedentary work, however, there were numerous unskilled inspection, system monitoring and clerical jobs that he could perform with minimal vocational adjustment (TR 450). These low stress jobs provided a sit-stand option, and did not involve any driving or climbing. The jobs did not require performing complex tasks, and did not involve remembering detailed instructions. They also did not expose a worker to moving machinery or unprotected heights (TR 449).

## LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was impaired as result of low back, knee and right shoulder pain, bilateral carpal tunnel syndrome and mental depression, but that he did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that the claimant's physical impairments limited him to simple jobs that did not require remembering and carrying out detailed instructions. The Administrative Law Judge found that Plaintiff could not drive or repetitively perform any climbing. He further determined that Plaintiff should not be exposed to moving machinery or unprotected heights. Nevertheless, he found that the claimant retained the residual functional capacity to perform a significant number of sedentary jobs, as identified by the Vocational Expert.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if even substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

DISCUSSION AND ANALYSIS

Plaintiff does not challenge the ALJ's determination that he retained the physical ability to perform sedentary work[3]. However, he maintains that the Law Judge failed to take into consideration his moderate limitations in concentration, persistence and pace. The claimant acknowledges that the Law Judge found him unable to remember or carry out detailed instructions, but he argues that this limitation "failed to encompass all of [his]

---

[3]Plaintiff contends that the ALJ failed to adequately examine the side-effects of his pain medications (Plaintiff's Brief in Support of Motion for Summary Judgment at pp. 17-18). In his decision, the Law Judge evaluated claimant's credibility and found that the clinical findings did not support the allegation that he needed to rest frequently for long periods of time throughout the day (TR 23). The ALJ did find, however, that the allegation concerning drowsiness caused by the medications were credible. Consequently, the Law Judge concluded that the claimant should avoid moving machinery and exposure to heights (TR 24).

resulting work-related functional limitations." (Plaintiff's Brief in Support of Summary Judgment at pp 7-15).

I am persuaded that substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual mental functional capacity for a restricted range of simple, sedentary work. Contrary to Plaintiff's assertion, the medical evidence did not support his allegations of totally disabling functional limitations stemming from his depressive disorder. The ALJ's decision was consistent with the specific limitations imposed by the physicians of record.

Dr. Thomas Tsai, a state agency psychiatrist who reviewed the medical evidence, reported in August 2002, that Plaintiff suffered from a depressive disorder that caused mild limitations in his ability to perform daily activities and maintain social functioning (TR 213). Dr. Tsai also found that the claimant had moderate limitations in his ability to maintain concentration, persistence and pace (TR 213). Despite these mild to moderate limitations, Dr. Tsai concluded that Plaintiff could still perform unskilled work activity (TR 219).

Noting that there was no contradictory medical evidence in the record[4], the ALJ adopted the state agency psychiatrist's medical opinion and found that the claimant retained the residual functional capacity to perform unskilled, sedentary work that did not require remembering or carrying out detailed instructions. Significantly, Plaintiff does not contest the ALJ's medical findings in this case, nor does he object to Dr. Tsai's medical opinion. While the claimant suggests that the ALJ's residual functional capacity assessment

---

[4]Dr. Kenneth Holmes, an examining psychologist, reported in August 2002, that Plaintiff has never received counseling or psychotherapy. In addition, the claimant told the doctor that he stopped taking anti-depressant medication after a month because "it did not really work." (TR 197).

should have included additional limitations, he does not point to any clinical finding in the medical record that would support further functional restrictions. Here, the ALJ properly took into consideration claimant's moderate memory, concentration and pace difficulties, and confined him to simple jobs that did not involve remembering or carrying out detailed instructions.

By establishing that he could not return to his past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that he had the vocational qualifications to perform alternative jobs in the economy, notwithstanding his various impairments. The Commissioner, however, met his burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to a hypothetical question that took into consideration claimant's educational and vocational background, along with his significant impairments, the Vocational Expert testified that there were numerous unskilled inspection, system monitoring and clerical jobs that he could perform with minimal vocational adjustment (TR 450). These low stress jobs provided a sit-stand option, and did not involve any driving or climbing. The jobs did not require performing complex tasks, and did not involve remembering detailed instructions. They also did not expose a worker to moving machinery or unprotected heights (TR 449). Given the objective clinical findings of the examining physicians of record, substantial evidence existed on the record that Plaintiff retained the residual functional capacity for a restricted range of sedentary work activity.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Donald A. Scheer  
DONALD A. SCHEER  
UNITED STATES MAGISTRATE JUDGE

DATED: August 9, 2007
_____

### CERTIFICATE OF SERVICE

I hereby certify on August 9, 2007 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on August 9, 2007. **None.**

s/Michael E. Lang  
Deputy Clerk to  
Magistrate Judge Donald A. Scheer  
(313) 234-5217